Case 7:19-cv-00095   Document 17   Filed on 08/12/19 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 12, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-95 |
| | § | |
| LEONARDO O. MOYA; dba 1ST STREET BAR, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court now considers the motion for default judgment[1] filed by J&J Sports Productions, Inc. ("Plaintiff") against Leonardo O. Moya, individually and d/b/a 1st Street Bar ("Defendant").[2] After duly considering the record and relevant authorities, the Court **GRANTS** the motion as follows.

## I. BACKGROUND

This is a suit filed under the Federal Communications Act of 1934[3] ("Communications Act").[4] Plaintiff's complaint alleges Plaintiff was granted the exclusive right to broadcast *Manny Pacquiao v. Timothy Bradley, Jr., WBO Welterweight Championship Fight Program* ("Program"), and that on April 9, 2016, Defendant broadcast the Program at Defendant's establishment, 1st Street Bar,[5] without paying sublicense fees to Plaintiff in violation of the Communications Act.[6]

---

[1] Dkt. No. 10.
[2] Dkt. No. 11.
[3] *See* 47 U.S.C. §§ 553, 605.
[4] Dkt. No. 1.
[5] Located at 404 W. 1st Street, Mercedes, Texas 78570.
[6] *See* Dkt. No. 1.

1 / 8

Though properly served,[7] Defendant did not appear or respond, and Plaintiff sought entry of default.[8] Accordingly, default was entered by the Clerk of Court.[9]

Simultaneous to filing the request for entry of default, Plaintiff filed the instant motion for default judgment.[10] Plaintiff pled its complaint in the alternative under both 47 U.S.C. § 553 and § 605.[11] Plaintiff now seeks a default judgment and statutory damages under only § 605.[12] Defendant has not responded and the time for doing so has passed, rendering the motion unopposed by operation of the Local Rules.[13] The Court now turns to its analysis.

## II.   LEGAL STANDARD

Obtaining an entry of default judgment is a three-step process: (1) default by the defendant; (2) entry of default by the Clerk of Court; and (3) entry of a default judgment.[14] Here, Defendant has defaulted by failing to answer or otherwise appear in this case. Thus, entry of default has been made against Defendant by the Clerk of Court.[15] The only remaining question is whether the third step—actual entry of default judgment—is appropriate.

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes entry of default judgment with court approval. It is a drastic remedy, resorted to only in extreme situations.[16] Nevertheless, default judgment determinations are left to the sound discretion of the district court.[17] Determining the propriety of default judgment is itself a three-step process. *First*, the Court must determine if default judgment is procedurally proper, countenancing six factors:

---

[7] *See* Dkt. No. 8 (service executed on Defendant on April 19, 2019 by personal service).
[8] Dkt. No. 9.
[9] Dkt. No. 14.
[10] Dkt. No. 10.
[11] *See* Dkt. No. 1.
[12] Dkt. No. 10 p. 4, ¶ 9.
[13] L.R. 7.2–7.4 of the United States District Court of the Southern District of Texas.
[14] *Bieler v. HP Debt Exch., LLC*, 2013 WL 3283722, at *2 (N.D. Tex. June 28, 2013) (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir.1996)).
[15] Dkt. No. 11.
[16] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[17] *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

> (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion.[18]

*Second*, if default judgment is procedurally proper, the Court must determine whether the plaintiff's claims are substantively meritorious.[19] After all, a defendant's failure to answer or otherwise defend does not mean the particular legal claims levied against him are valid.[20] When analyzing the merits of a claim, courts may assume the truth of all well-pled allegations in the plaintiff's complaint.[21] *Third*, if the plaintiff's claims are meritorious, the Court must determine whether the requested relief is appropriate.[22] In particular, Rule 54(c) dictates that a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."[23]

### III.  LEGAL ANALYSIS

#### A.  *Default Judgement is Procedurally Proper*

The record does not reveal any material fact issues, and the grounds for default are clearly established—Defendant has not answered or appeared. There is no indication in the record that these failures were somehow made in good faith or otherwise excusable, and for that reason, there is no basis for the Court to believe it would be obligated, upon motion, to vacate default judgment against Defendant. Moreover, and again due to Defendant's failure to answer or otherwise appear, default judgment cannot—procedurally speaking—be properly

---

[18] *Bieler*, 2013 WL 3283722, at *2 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).
[19] *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[20] *See id*.
[21] *Id*.
[22] *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).
[23] Fed. R. Civ. P. 54(c).

characterized as unduly harsh or prejudicial. For these reasons, default judgment against Defendant is procedurally proper.

### B. *Plaintiff's Communications Act Claim is Substantively Meritorious*

Plaintiff's complaint alleges Defendant violated 47 U.S.C. § 605, which applies to the receipt of communications through the air via radio, such as satellite communications.[24] Section 605 provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person."[25] Section 605, as well as § 553, are intended to provide for criminal and civil penalties and remedies to "protect the revenue of television cable companies from unauthorized reception of their transmissions."[26] To recover for a violation under § 605 of the Communications Act, a plaintiff must prove that a defendant, without authorization, intercepted or otherwise unlawfully appropriated a radio communication and published it to any person.[27]

Here, the Court finds that Plaintiff is entitled to the relief requested based on the well-pleaded allegations in Plaintiff's complaint and the evidence provided in the motion for default judgment. Defendant's default serves as an admission of well-pleaded facts,[28] and Plaintiff has additionally attached evidence in support of its allegations.[29]

Plaintiff's evidence, and the facts as pled in the complaint, establish that Plaintiff is in the business of marketing and licensing commercial exhibitions of pay-per-view prizefighting, and Plaintiff alone possessed the proprietary rights to exhibit and sublicense the Program on April 9,

---

[24] *See* Dkt. No. 1; *see also J&J Sports Prods., Inc. v. Mandell Fam. Ventures, L.L.C.*, 751 F.3d 346, 350-53 (5th Cir. 2014) (distinguishing § 605 from § 553).
[25] 47 U.S.C.S. § 605.
[26] *Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001) (quotations omitted).
[27] *See* 47 U.S.C. § 605; *Mandell Fam. Ventures*, 751 F.3d at 352–53.
[28] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).
[29] *See* Dkt. No. 10-1.

2016 in Texas.[30] Plaintiff attests that in order to safeguard against unauthorized receipt of the Program, the interstate satellite transmission was electronically coded and was not available or intended for use by the public.[31] Thus, only commercial establishments authorized by Plaintiff via contract could legally exhibit the Program in Texas.[32]

On April 9, 2016, the date of the Program, Defendant broadcast the Program without authorization from Plaintiff.[33] An eyewitness hired by Plaintiff ("Auditor"), provides an affidavit attesting that on the night of April 9, 2016, Defendant's establishment, 1st Street Bar, displayed the Program to approximately 32 people on three screens.[34]

Plaintiff has established that Defendant, without authorization, intercepted or otherwise unlawfully appropriated the Program and published it to the patrons at 1st Street Bar sufficient to establish a violation of the Communications Act.[35] Accordingly, all the elements of a claim under 47 U.S.C. § 605 are met, rendering Plaintiff's claim substantively meritorious. The Court now turns to determine whether Plaintiff is entitled to the relief that Plaintiff seeks.

C. *Plaintiff is Entitled to Relief Sought*

Plaintiff is seeking statutory damages pursuant to 47 U.S.C. § 605(e).[36] In lieu of actual damages Plaintiff seeks statutory damages in the amount of $10,000,[37] and additional damages for Defendant's willful violation in the amount of $50,000.[38] Plaintiff also seeks attorney's fees in the amount of $1,200.[39]

---

[30] Dkt. No. 1 pp. 2–3, ¶¶ 5–7; Dkt. No. 10-1 pp. 6–7, ¶¶ 4–7 (Affidavit of Thomas P. Riley); Dkt. No. 10-1 p. 1 (Closed Circuit Television Licensing Agreement).
[31] Dkt. No. 1, p. 3, ¶ 8; Dkt. No. 10-1 p. 7, ¶ 6; *see also* Dkt. No. 10-1 (Pricing list for exhibiting the Program).
[32] Dkt. No. 1 p. 3, ¶ 9; Dkt. No. 10-1, p. 7, ¶¶ 6–7.
[33] Dkt. No. 1 p. 3 ¶ 11; Dkt. No. 10-1 p. 7 ¶ 8; Dkt. No. 10-1 p. 21 (Affidavit of Auditor).
[34] Dkt. No. 10-1 p. 21 (Affidavit of Auditor).
[35] See 47 U.S.C. § 605; *Mandell Family*, 751 F.3d at 352–53.
[36] Dkt. No. 10; *see* 47 U.S.C. § 605(e)(3)(C)(i)(II).
[37] Dkt. No. 10 p. 5, ¶ 11.
[38] *Id.* at p. 9, ¶ 24.
[39] *Id.* ¶ 25; Dkt. No. 10-1 p. 34, 9.

Plaintiff argues that it has been deprived of the benefits and profits derived from the unauthorized broadcast of the Program.[40] Further, Plaintiff argues that Defendant willfully violated § 605 because the Program could not have been accidentally displayed, and thus significant additional damages should be utilized to deter future similar violations.[41]

Section 605(e) provides for damages "in a sum of not less than $ 1,000 or more than $10,000, as the court considers just . . . ."[42] Under the statute, a private party, such as Plaintiff, may recover either its actual damages or statutory damages, as well as full costs and reasonable attorney's fees.[43] Additionally, if the court finds that the defendant acted willfully and for the purpose of private financial gain, the court may increase the damages by no more than $100,000.[44]

Here, the Court finds that statutory damages in the amount of $5,000 is appropriate. As noted above, Plaintiff met its burden of establishing that the complaint is meritorious. Plaintiff has produced evidence that it would have charged an establishment such as Defendant's $2,000 to exhibit the Program.[45] In addition, Plaintiff indicates Defendant was displaying the Program to a bar with approximately 32 individuals, but does not indicate Defendant specifically advertised the program.[46] Thus, while, the Court finds that the circumstances here do not warrant the entire amount authorized by the statute, the Court finds an additional $3,000 is reasonable for statutory

---

[40] *Id.* at p. 5, ¶ 12.
[41] *Id* at p. 7, ¶ 19.
[42] 47 U.S.C. § 605(e)(3)(C)(i)(II); *see also Joe Hand Promotions, Inc. v. Chios, Inc.*, 544 F. App'x 444, 445 (5th Cir. 2013) (affirming an award of statutory damages and attorney's fees for a violation of § 605).
[43] *See* 47 U.S.C. § 605(e)(3); *J&J Sports Prods. v. 3705 Iberville LLC*, No. 17-4316, 2018 U.S. Dist. LEXIS 179201, at *9 (E.D. La. Oct. 18, 2018).
[44] *Id.* § 605(e)(3)(C)(ii).
[45] *See* Dkt. No. 10-1 p. 28.
[46] *Id.* at pp. 21–25.

damages to deter future violations.[47] Thus, the Court **GRANTS** Plaintiff $5,000 in statutory damages.

Further, this case warrants an award of additional damages because Defendant, in receiving the unauthorized satellite signal and displaying the Program, acted willfully and for the purposes of private financial gain. The Court finds that an award of additional damages equivalent to double statutory damages is appropriate.[48] Therefore, the Court **GRANTS** Plaintiff $10,000 in additional damages.

Finally, because Defendant is liable under § 605, Defendant must also compensate Plaintiff for its reasonable attorney's fees.[49] Plaintiff seeks attorney's fees in the amount of $1,200 for 4 hours of work on this case at $300 per hour.[50] The Court finds these requests reasonable. In this District, an hourly rate of $300 is reasonable,[51] as is the amount of hours worked and the costs provided. In addition, Plaintiff requests conditional attorney's fees for the occurrence of specific events.[52] The Court also finds a portion of Plaintiff's attorney's request reasonable.

Therefore, the Court **AWARDS** Plaintiff $1,200 in attorney's fees, and conditional fees as follows: $2,500 for the collection of judgment, $10,000 in the event Defendant files a post-

---

[47] *See e.g., Joe Hand Promotions, Inc. v. Izalco, Inc.*, No. H-16-3696, 2018 U.S. Dist. LEXIS 1428, at *6 (S.D. Tex. Jan. 4, 2018) (awarding $3,800 to deter future violations of § 605); *J&J Sports Prods. v. Little Napoli, Inc.*, No. H-13-1237, 2014 U.S. Dist. LEXIS 99032, at *8 (S.D. Tex. July 22, 2014) (same).
[48] *See Joe Hand Promotions, Inc. v. Chios, Inc*., No. 4:11-CV-2411, 2012 U.S. Dist. LEXIS 104979, 2012 WL 3069935, at *5 (S.D. Tex. July 27, 2012) ("Generally, it is reasonable to increase an actual or statutory damages award by a multiplier to penalize defendants for willful acts."), aff'd, 544 F. App'x 444 (5th Cir. 2013) (per curiam).
[49] *Id.* § 605(e)(3)(B)(iii).
[50] Dkt. No. 12-6 (Affidavit of Jamie King, P.C.).
[51] *See* State Bar of Texas 2015 Hourly Rate Fact Sheet, 12 (2016) https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (providing that the average hourly fee for a lawyer with 16–20 years of experience—as is the case with Plaintiff's counsel *see* Dkt. No. 10-6 p. 37—is $238 per hour, and Plaintiff's counsel has extensive experience with anti-piracy cases).
[52] *See* Dkt. No. 10-1 p. 35.

judgment motion or pre-appeal motion; and $25,000 in the event Defendant files an appeal to the Court of Appeals for the Fifth Circuit.[53]

In sum, the Court finds that Plaintiff is entitled to the relief requested in the complaint, namely Plaintiff is entitled total of **$16,200** in damages and attorney's fees, as well as conditional fees as outlined.

### IV. HOLDING

For all these reasons, Plaintiff's motion for default judgment against Defendant[54] is **GRANTED**. The Court **GRANTS** Plaintiff a total **$16,200** in damages and attorney's fees: **$5,000** in statutory damages, **$10,000** in additional statutory damages for Defendant's willful violation, and **$1,200** in attorney's costs, as well as conditional fees consistent with this Order. There being no other claims or causes of action, pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 12th day of August, 2019.

_____
Micaela Alvarez
United States District Judge

---

[53] *See id.* at p. 35. Plaintiff's attorney's also requests additional fees in the event Defendant appeals beyond the Fifth Circuit Court of Appeals. The Court does not find such requests reasonable at this time.
[54] Dkt. No. 12.